Good morning. I'd like to reserve three minutes for rebuttal. The trial judge here made numerous errors in her jury instructions which require a reversal. Some of those errors were structural, some of them rose to the level of plain error because they misstated the evidence in the case. Individually and cumulatively, the erroneous instructions resulted in an unfair trial for Mr. Karani. First, the judge improperly invaded the fact-finding function of the jury by instructing jurors concerning the term gift in the ATF form, stating that it meant the firearm, not the discount. This instruction gutted the defense, which was that the transfer of the firearm with Mr. Karani's police discount could be considered gifts under the form and that he reasonably believed that these transfers were gifts. The term gift was not defined in either the form or the instructions, and thus it was a question for the jury. Counsel, may I ask just a, I guess it's a sort of sequence question, was the court prompted to define gift because it understood the argument that you were going to make about the discount, or had the court always intended to instruct on gift? And I was not the trial lawyer. What is your understanding? My understanding is that, yes, it was out of concern for what she called the nature of the defense based on opening statements by a trial counsel, and then there was an off-the-record or out-of-the-presence-of-the-jury discussion about the nature of the defense and whether she felt it was appropriate or not. So I think it was something that was not anticipated prior to opening statements, I would say. The judge's instruction had the effect of directing a verdict on the false statement element of all four charges in this case. This was an element that had to be proven by the government beyond a reasonable doubt. Likewise, her instruction as to the definition of an actual purchaser, and the form actually used the language actual transferee slash buyer, but she used the term actual purchaser and gave an example that was based on the facts of Mr. Carani's case. Stating that if a person had expectation of later payment, and then did in fact receive later payment, that he could not be considered an actual purchaser for the purposes of the form. This, in effect, told jurors that in fact Mr. Carani had made a false statement on the form itself, which again was an element that the government had to prove beyond a reasonable doubt. In instructing the jury on the meaning of knowingly, didn't the judge give room for defense counsel to argue in effect that his ignorance of the law, perhaps what a gift meant, would not meet the mens rea requirement? She did give an instruction on knowingly that included ignorance as possibly undermining the state of mind requirement of the statute, did she not? Yes, well knowingly was, and we're not challenging that instruction on appeal. The government cites that as an instruction that permitted the kind of argument that was being made, or at least it certainly would suggest that the court was not in effect directing a verdict. Well, I think that it permitted Mr. Carani to argue or counsel to argue that he did not knowingly make a false statement. I think that is a somewhat separate question from the issue of whether the statement was in fact false. I think the jury needed to make factual findings with respect to both of those things. Was the statement false? And if they found it was, then they would reach the issue of was it a knowingly false statement as that term was defined? But it's my argument that they were directed to find that the statement itself was false, even before reaching the issue of knowing. Pardon me, it was false because of what? I'm going to separate out your argument that she took away from the jury an issue from the argument of how best one should understand this statute, which is meant to avoid situations of straw purchasers buying weapons, including weapons available only to law enforcement officers for someone else who is not a law enforcement officer and is not entitled to have that weapon at any price. Your client here did not in fact make a gift unless you consider passing on of a discounted price for which you get fully reimbursed to be a gift. All right, you're saying it's an error of law to read the statute as not allowing that. I would have thought the Abronski situation decision from the Supreme Court eliminated your argument. Okay, I'll try to address all your concerns. There's a few questions in there. But I think, first of all, Abronski does not deal with this situation. No, he doesn't. But the majority opinion talks about the purpose of the statute. And it seems to me your argument is directly contrary to the majority's statement of what the statute meant and why Congress enacted it. Well, I would respectfully disagree. First of all, a person is not prohibited from giving a firearm as a gift. And, again, that was Mr. Khourani's argument that the firearm plus the discount was in fact a gift. And with respect to the Ilniki transaction, the second transaction, it should be noted that he was not – it was undisputed that he was not actually paid in full. Even for his own costs after that occurred, that he was given $500. He had spent $540. And he was certainly in no way compensated for his time and effort in procuring that gun. What did he ask for, $540 or $500? Well, I think it was initially he asked for $540. There was some discussion about whether Mr. Ilniki was able to withdraw that amount from his ATM in one day. And then there were subsequent discussions about, you know, being – Okay, let's go back to the first one, the first transaction. Yes. He was, in fact, paid for all of his costs in that transaction. But again, you know, the form – I'm sorry, but you're not making the argument he wasn't paid for his time as to the first transaction, but you are making it as to the second? No, I'm making it with respect to the first two. He was not – he was certainly not paid for his time or effort with respect to the first either, just as a – it was uncontested that he was reimbursed in cash what he – And so now you're making a new argument to us, which was not made below, I believe, that failure to compensate for time and effort in purchasing a gun for somebody else for which you were paid fully constitutes a gift. I think the argument that I'm making, which I did make in my brief, is that this was a jury question in terms of whether this could be considered a gift or not, based on all of the factors. There are two separate arguments. One is whether there was an error of law in how the judge instructed. The other was she should never have instructed on the law because this could go to a jury and, if you will, it could nullify whatever the legal – the correct interpretation of the statute was. Which are you making? I don't see them as separate, I guess, Your Honor. My argument is that the instruction was legally incorrect because it invaded the fact-finding function of the jury, that this was a jury question and that it was taken from the jury by her instruction. Counsel, if you will, put yourself in the position of a juror. Suppose the judge had never, as an initial proposition, explained what a gift means. That word gift appears in the explanation that's on the form. And so the jury hears the arguments being made by trial counsel that, well, the defendant got a discount and he passed the discount on to the other individual. That was a gift. The government argues that's nonsense. The discount does not qualify as a gift. He, in fact, got almost fully reimbursed for the money that he paid, and hence it was not a gift. And so the jurors pose a question to the judge and say, Your Honor, we don't understand what a gift means. Could you please tell us what does the form mean by a gift? You're suggesting that the judge should have said it's up to you to decide what a gift is? That is not a factual question. A gift has a meaning, and that meaning, I think the judge would take the position, is what they have. The jurors are entitled to understand what it means, and then they can decide whether this was or was not a gift within that meaning. I don't understand how you can argue that the question of whether something is a gift is a factual question without any understanding. What do we mean by a gift? Well, I think jurors are familiar with the term gift, and I think the judge could have instructed the jurors that it had its ordinary meaning. But we certainly don't allow... Well, that's what the judge did. This is the plain, ordinary meaning of gift. Well, no, I would respectfully disagree. I think she went further than saying that the term gift had its ordinary meaning. She actually went to the heart of the defense and instructed gift means firearm, not discount. I think that goes much further than just saying the term gift has its plain and ordinary meaning. Thank you. You've reserved some time. Thank you. Your Honors, may it please the Court, Randall Crum on behalf of the government. Just to address quickly the question of timing, because I think it does have some relevance, not necessarily to the legal answer, but to the question of notice and sort of fairness to the litigants. This issue was raised, and we note in our brief, before opening arguments, because it had come up in the context of motions in limine to try to introduce some instructions, changed instructions from a few years later to make the argument that it was a reasonable question as to what the meaning of the word gift was. And in responding to that, we made the argument that that was a question of law and that there wasn't a mistake of law opportunity under this statute. It doesn't allow for a cheek-type instruction, so that that was not an available defense to make. And the judge did caution the defense counsel not to go in that direction. She could argue about what the defendant understood, but not the meaning of the form. And defense counsel nonetheless went ahead. So this goes not necessarily to the correctness of it. As Judge Lopez has noted, it could have been raised as a question by the jury. But in this case, the case was tried under an understanding that the judge did not believe that was an issue for the jury. The judge believed that it was a question that we needed to look at, and then it did, in fact, give an instruction on it. And he still had the ability to argue that he had a different view, and therefore his crime was not knowing. Right. Knowing does allow for the possibility of a mistake. It was possible to make that argument. But the argument wasn't pitched quite that way. The defense counsel continued to sort of drive in the direction of the form itself meant something different or was reasonably understood differently, and that, of course, ran up against the instruction. The reason why I think that's important to note is, you know, we point out there are other cases, not a lot, talking about judges construing terms in these forms, in this particular form, one of the ones that's regularly interpreted as unlawful use of controlled substances. Courts have different ways of interpreting that. The defense defendant in the Bolslaw case wanted a narrower construction, saying that it had to be somebody who used them continuously and regularly. Had that defendant chose to pitch their argument to the jury that, yes, I used controlled substances, not just consistently and regularly, they certainly would have seen their defense undermined when the judge gave the correct instruction that that's not what the law requires. In that case, the defendant made an alternative argument that he never used them at all. But that is the risk the defense counsel ran here by taking a position on the law that was contrary to the plain and ordinary meaning, and that the judge then, you know, had flagged as an issue and then did instruct on that plain and ordinary meaning. Mr. Crumb, I'm trying to understand what happened here. These two buyers, nightclub owners each, could have easily gone to buy weapons on their own. Mind you, they couldn't have gotten Glock pistols because that's restricted to law enforcement. So what's going on here? Why are they using a straw? Why are Boston police officers in the business of buying weapons for other people? Well, I take it this is not the only case of this sort reading through the case law from elsewhere. Right. In this case, it does appear that some of it was driven by the defendant himself, suggesting these are good guns to have. If you want to have a really cool gun, this is one I can get for you. And that was a lot of it was, in fact, sort of they were asking for advice. They were newly, in one case, newly registered, wanted to get a firearm, and their friend said, this is a great one and I can get it for you. You can't get it any other way. But exactly why, what motivated it, I don't know. Maybe just an interest in having a particularly difficult-to-get weapon. And certainly they have some status because the Bramski case addresses the same kind of issue. So people want them who can't get them. And so I think that is, as far as we know, what was motivating the purchases in this case. The guidance with respect to gift and what is a gift of the firearm that the Bureau puts out, is that on the form itself? I mean, the instructions you're saying? Yes, yes, they can see that. And is the form, is it a regulation? Is it enacted as part of a regulation? Is it just guidance, off-the-books guidance? Well, the way it's described, and I think Bramski provides some useful guidance, it explains the purpose it is issued in order to implement the requirements of the statute. So the statute requires them to create requirements and for those requirements to be enforced. This is the document that creates the requirements that then have to be enforced. I don't know, I was looking for something that said that it had the status specifically of a regulation. I have seen cases that say that it represents the agency's interpretation of the requirements of the statute. And if that's what it is, then it falls more on the legal side than the factual side, right? That's your point. Right. Because it implements the requirement, then it has to be proven false in the course of, then it is sort of the legal standard against which truth or falsity would be measured. And I think that it does constitute a legal question. And again, the few cases we have which don't address particularly the term gift, but other terms suggest that courts do define them, and that's not objected to. The other half of the case is, of course, selling a weapon which the general public is prohibited from having, but law enforcement can have. And the indictment talked about an affidavit where he had to say that it was solely for his use as a law enforcement officer, whether on duty or off duty. And then as to the second weapon, it was a state law certification to that effect. So if the jury convicts at least on count one on the basis of the false statement in the affidavit, why does the gift instruction matter? Well, with respect to that particular count, it may not. But the second and fourth were 4473 counts. And only, well, with respect to the fourth one, only that because the second count. And also the second because the judge actually withdrew the state form with respect to count two during the course of the extended jury deliberation. I was very puzzled by that. I mean, both counts one and two refer to two documents, two false statements. One is the form 4473, and then in count one, it's not actually an affidavit. It's a certification letter, and then in count two, it's an affidavit. I don't – did the judge – actually, the jury asked about count two, and the judge said don't pay any attention to the affidavit. Isn't that correct? That's true. Then we acknowledge the court essentially withdrew it over the course of two different supplemental instructions and said just use it in the form. Why? That is not very clear from the record. The court just expresses some frustration with it. Perhaps there was different evidence and some confusion as to exactly how clearly the different forms have been described in the evidence. The judge simply does it. And the only thing that one can pick up is there seems to be some sense that in the fact that the first form talks about and not for resale struck the judge as more clearly on point and something the evidence had clearly addressed and that the second one doesn't. It talks about off-duty use but doesn't talk about and not for resale. And so the judge may have felt that it was just the evidence was less clear on that point. Again, the judge does not explain. But the affidavit makes clear on its face that it's signed under penalty of perjury. The certification letter that's referred to in count one of the indictment contains no such statement. How does the issue of falsity come into play on the certification letter when there's no indication that you're swearing to respond truthfully? There's nothing on the form that says you're in effect. If you misstate anything, that's under penalty of perjury. That letter, that certification says nothing like that. Isn't that correct? That's correct, but I'm not sure that, I mean, for one thing, I don't think that's a specific question about whether the certification of penalty of perjury was raised below. It's true. But I would say that I think it's not clear to me that that makes a difference legally. And here, this issue was argued below but then not argued on appeal as how does state law requirements come into the federal law. But there is an answer. It just was not raised on appeal, and that is that under Section 2B of the statute, so you have A6 is the part that makes it illegal to make a false statement, material to the lawfulness of a purchase to a seller, material to the lawfulness. 2B says that a seller has to comply with any state requirements or even local ordinances. As we know, the Glock can't be sold to a person who's not an officer. That form allows the sale, whether signed under perjury or not. It's material because it's what allows the sale to go forward. So then it is material under 2B and comes into 6A. That was not, again, argued on appeal, but that is why that I think doesn't make a difference in terms of whether it's signed under perjury or not. If there aren't any other further arguments, I will rely on the brief for the remainder. Thank you very much. Just a couple of quick points. To judge Lynch's question about or statement, I guess, about the purchasers in this case, I would point out that the second transaction with Mr. Ilnicki, Mr. Ilnicki was not a nightclub owner and in fact was I think a person who maybe worked at a nightclub, but he testified. This is important, I think, because he testified that the price of the gun was very important to him and that he could not afford to pay the full price if he hadn't been given the gift of this discount. And it goes to the question of whether, and he in fact testified that he viewed it as a gift for that reason. Just one clarification with respect to the law, too, is my understanding that although a non-law enforcement officer is prohibited from buying these weapons, knew that they are legally allowed to buy these weapons used. So that may not make a lot of sense to me, but that is my understanding of the law. I think that came out in the trial. Just to your question about the affidavit versus the certification letter, we didn't really get to this, but I think that's important in terms of the second set of errors in this case, which I alleged in my brief, which is the judge repeatedly referring to the certification letter as an affidavit and in fact misquoting it at least three times in initial instructions and supplemental instructions. The issue is whether, and the real issue for the jury is, was he the actual purchaser? The difference between the affidavit and the certification doesn't go to that issue. I mean the fact that the certification talks about is it for on or off-duty use or whether it's for official duty, that doesn't go to the question of whether he was the actual purchaser, does it? It doesn't, but here's the important thing is that the jury in their questions said, what if we can't agree with respect to count one whether he made a false statement on the form, therefore we can't agree whether he was an actual purchaser, transferee, buyer, but if we can agree that he made a false statement in what they referred to as the affidavit, which was again really a letter, you know, if we can't agree to that, can we convict? And the judge's answer was essentially yes. And so I think that's why that is very important in this case. Unless there are any further questions. Thank you.